IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**JUDY WEN, et al.,**

    Plaintiffs,

    v.

**SCHNEIDER NATIONAL CARRIERS, INC., et al.,**

    Defendants.

CASE NO. 3:24 CV 746

JUDGE JAMES R. KNEPP II

MEMORANDUM OPINION AND ORDER

### INTRODUCTION

Pending before the Court are Defendant Teri Rogerson's Renewed Motion for Judgment on the Pleadings seeking dismissal of Plaintiffs Judy Wen and Yachuan Huang's (collectively "Plaintiffs") punitive-damages demand (Doc. 30), and Defendant Schneider National Carriers, Inc.'s ("Schneider") Renewed Motion for Judgment on the Pleadings seeking dismissal of Plaintiffs' direct-negligence and punitive-damages demand (Doc. 31). Plaintiffs oppose (Docs. 33, 34) and Defendants reply (Docs. 35, 36). Jurisdiction is proper under 28 U.S.C. § 1332. For the reasons set forth below, Defendants' Motions are GRANTED.

### BACKGROUND

The Second Amended Complaint alleges on April 13, 2023, Rogerson, a commercial driver for Schneider, was operating a 2023 Freightliner tractor trailer westbound on Interstate 80 when she took her eyes off the road and at least one hand off the steering wheel to reach for a drink located in the far-lower dash cupholder. (Doc. 27, at ¶¶ 30-35).[1] Plaintiffs further allege that while

---

1. Plaintiffs numbered Counts 2-4 identically, each beginning at paragraph 42 and ending at paragraph 51. As a result, paragraphs 42-51 appear four times in a row corresponding to Counts 1-4. To avoid confusion, the Court will refer to each Count by its heading and associated paragraph

Rogerson reached for the drink, her stomach became lodged under the steering wheel because she had adjusted the seat and steering wheel too close to her abdomen. *Id.* at ¶ 32. Once stuck, Rogerson and her vehicle veered through the median and collided head-on with the eastbound vehicle driven by Wen and occupied by her husband, Huang. *Id.* at ¶¶ 36-38. Plaintiffs sustained bodily injuries and Wen's car sustained total loss damage. *Id.* at ¶ 38. The operative Complaint alleges: ordinary negligence (Counts I-II), "willful and wanton" conduct/punitive damages against Rogerson (Count III), and direct negligence and punitive damages against Schneider (Count IV).[2]

Defendants answered, admitting ordinary negligence and vicarious liability but denying any basis for punitive damages or Schneider's direct liability. *See* Doc. 29, at 1-2 (Admission of Liability).

Plaintiffs allege Rogerson, "a licensed commercial truck driver", was required to comply with the Federal Motor Carrier Safety Regulations. (Doc. 27, at Count 3 ¶ 14). They allege she acted with conscious disregard for the rights and safety of others when she engaged in a series of reckless behaviors including: speeding, taking her eyes off the road and removing at least one hand from the steering wheel to retrieve her drink, adjusting her seat and steering wheel in a manner that foreseeably allowed her abdomen to get stuck, and failing to reduce speed, sound her horn, or apply brakes. *Id.* at Count 3 ¶¶ 42-51, 53.

---

number. If no Count is specified, references to paragraphs 1-42 refer to the first occurrence which the Court treats as correct.

2. "Ohio law does not recognize a stand-alone cause of action for punitive damages; proof of actual damages is a necessary predicate for an award of punitive damages." *Reber v. Lab. Corp. of Am.*, 2015 WL 7076608, at *3 (S.D. Ohio) (citing *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St.3d 638, 649 (1994)). This is because punitive damages are simply a remedy for other claims and "are awarded as an incident of the cause of action in which they are sought." *Raftery v. S. Lee Corp.*, 2007 WL 4085289, at *2 (S.D. Ohio) (citing *Moskovitz*, 635 N.E.2d at 342).

Plaintiffs allege Schneider consciously disregarded public safety when it equipped the Freightliner with a dash-mounted cup holder, permitted the driver's seat to be positioned near the steering wheel, and that Schneider either knew or should have known that the design choice created an obvious risk of harm yet failed to redesign, warn, or mitigate the danger. Plaintiffs further allege Schneider permitted Rogerson to operate the vehicle despite her documented anxiety and depression and her physical stature (five foot seven inches and 410 pounds). Plaintiffs also allege Schneider failed to ensure Rogerson maintained control of the semi-truck, failed to train her not to use the furthest cupholder, allowing her to fail to sound the horn or apply brakes, and failed to train her to not position the seat too close to the steering wheel. *Id.* at Count 4 ¶¶ 44-52.

### STANDARD OF REVIEW

Rule 12(c) motions for judgment on the pleadings are subject to the same standard as Rule 12(b)(6) motions to dismiss. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). The pleadings must demonstrate sufficient factual matter that, when taken as true, state a claim which is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007). A court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Twombly*, 550 U.S. at 555 (a "formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss). And "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

**DISCUSSION**

Rogerson and Schneider move for judgment on the pleadings as it relates to Plaintiffs' punitive damages request. They assert Plaintiffs have only recited the elements of a punitive damages request but have not pled any facts in support. Schneider also moves for judgment on the pleadings on the direct negligence claim, arguing Plaintiffs' allegations only provide a basis for vicarious liability against it.

Punitive Damages Ripeness

At the outset, the Court will address Plaintiffs' argument asserting a dismissal of punitive damages is premature at this juncture. (Doc. 33, at 5). Plaintiffs contend "the issue of punitive damages cannot be reached until '[t]he trier of fact has returned a verdict or has made a determination . . . of the total compensatory damages recoverable by the plaintiff from that defendant.'" *Id.* (quoting Ohio Rev. Code § 2315.21(C)(2)). Plaintiffs misinterpret the Ohio statute. The statute governs bifurcation of a trial when compensatory and punitive damages are requested, allowing a jury to first determine whether compensatory damages shall be awarded, and then a second stage to determine if punitive damages are appropriate. The full text of the relevant section states:

> (C) Subject to division (E) of this section, punitive or exemplary damages are not recoverable from a defendant in question in a tort action unless both of the following apply:
>
> (1) The actions or omissions of that defendant demonstrate malice or aggravated or egregious fraud, or that defendant as principal or master knowingly authorized, participated in, or ratified actions or omissions of an agent or servant that so demonstrate.
>
> (2) The trier of fact has returned a verdict or has made a determination pursuant to division (B)(2) or (3) of this section of the total compensatory damages recoverable by the plaintiff from that defendant.

4

Ohio Rev. Code § 2315.21(C). The statute provides only that punitive damages may not be awarded unless both compensatory liability and malice are found; it does not foreclose judicial screening of implausible malice allegations. "Courts have clearly held that a claim for punitive damages cannot survive if a plaintiff only requests such damages in a prayer for relief without supporting the pleading with factual content that, if proven, would warrant punitive damages." *Reber*, 2015 WL 7076608, at*5 (citing *Flex Homes, Inc. v. Ritz-Craft Corp. of Mich., Inc.*, 721 F. Supp. 2d 663, 675-76 (N.D. Ohio 2010)); *Bonner v. Reliable Transp. Specialists, Inc.*, 2018 WL 4586924, at *2 (N.D. Ohio) (dismissing punitive damages against tractor-trailer driver and two employer defendants for failure to state a claim because plaintiff had not "offered any allegations concerning [defendant's] mindset at the time of the accident" and the plaintiff's statement that defendant acted with "conscious disregard" was simply a legal conclusion, and "[l]egal conclusions 'masquerading' as factual allegations are not sufficient."). The Court thus turns to the arguments as to each Defendant.

Punitive Damages Against Rogerson

Rogerson asserts Plaintiffs failed to allege facts that would support an award of punitive damages. (Doc. 30, at 14). Plaintiffs argue they have alleged a "confluence of reckless acts and omissions that show Defendant Rogerson's conscious disregard for their safety[,]" therefore meeting the standard for punitive damages. (Doc. 33, at 7).

Under Ohio Rev. Code § 2315.21(C)(1), punitive damages are not recoverable unless the "the actions or omissions of that defendant demonstrate malice or aggravated or egregious fraud or that defendant as principal or master knowingly authorized, participated in, or ratified actions or omissions of an agent or servant that so demonstrate." The Ohio Supreme Court defines malice, for civil-punitive purposes, as "(1) that state of mind under which a person's conduct is

5

characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." *Preston v. Murty*, 32 Ohio St. 3d 334, 336 (1987). "Something more than mere negligence is always required before an award of punitive damages may be made." *Cabe v. Lunich*, 70 Ohio St. 3d 598, 602. (1994). "The focus is on the actor's conscious disregard of an almost certain risk of substantial harm. This distinguishes 'malicious' from 'non-malicious' conduct." *Kuebler v. Gemini Transp.*, 2013 WL 6410608, at *5 (S.D. Ohio). Because punitive damages are assessed as punishment and not for purposes of compensation, it is necessary that Defendants' conduct was "conscious, deliberate or intentional" and that Defendants "possess[ed] knowledge of the harm that might be caused by [their] behavior." *Preston*, 32 Ohio St. 3d at 335.

In the motor vehicle accident context, such actions that sufficient to award punitive damages "may include intoxication and deliberate actions to flee the scene or evade responsibility." *MacNeill v. Wyatt*, 917 F. Supp. 2d 726, 730 (S.D. Ohio 2013) (citing *Cabe*, 70 Ohio St. 3d at 602); *Cappara v. Schibley*, 85 Ohio St.3d 403, 406 (Ohio); *Estate of Beavers v. Knapp*, 175 Ohio App. 3d 758, 773-74 (2008)); *see also Parker v. Miller*, 2017 WL 3642372, at *2 (S.D. Ohio) (holding allegations that the defendant failed to stop before hitting a vehicle, despite having sufficient time and adequate visibility to do so, was sufficient to state a claim for actual malice).

Plaintiffs cite *Estate of Beavers v. Knapp*, 175 Ohio App. 3d 758 (2008). There, the court affirmed it was not error for the trial judge to allow a jury to reach the issue of punitive damages. The facts at issue were as follows:

> Knapp saw Beavers fall from the motorcycle and tumble toward his truck. Knapp admitted that as he saw Beavers coming toward him, he could have stopped. Instead, however, Knapp panicked, accelerated, and left the scene. Moreover, in the process of leaving the scene, Knapp knew that he had hit something when he felt

6

> the truck's rear wheels raise. Despite his awareness of Beavers's fall, knowledge of Beavers and the motorcycle sliding toward the trailer, and the realization that he had hit something, Knapp decided to continue toward his destination. Additionally, Knapp admitted thinking that he should not be leaving the scene of the accident. From such evidence, the jury could have found a positive element of conscious wrongdoing by Knapp.

*Id.* at 773.

Under Count Three, the facts pled in support of a punitive damages award against Rogerson include that she placed a 20-ounce Sprite in a passenger-side lower dash cupholder knowing she would have to take her eyes off the roadway and one hand off the steering wheel to reach for it. (Doc. 27, at Count 3 ¶¶ 44, 47). Plaintiffs allege that after Rogerson reached for her drink, her abdomen got stuck under the wheel because she adjusted her seat and steering wheel in a manner that "significantly increase[ed] the likelihood that her belly habitus would interfere with the steering wheel which was dangerous and foreseeable to cause substantial harm[.]" *Id.* at Count 3 ¶ 51.

While these allegations may suggest Rogerson made choices that elevated the risk of harm, they do not satisfy the heightened standard required for punitive damages. Plaintiffs must plead facts showing Rogerson's conduct was not merely negligent but "conscious, deliberate or intentional" or that she "possess[ed] knowledge of the harm that might be caused by [her] behavior." *Preston*, 32 Ohio St. 3d at 335. The fact that Rogerson's conduct may have "increased the likelihood" (Doc. 27, at Count 3 ¶ 51), of interference does not equate to her having actual knowledge that her actions would render her incapable of controlling the semi-truck at the critical moment. The factual allegations describe a series of arguably poor or careless choices, not conduct meeting the standard of actual malice. The case is distinguishable from *Beavers*. There, the defendant knew he had struck a person and consciously and deliberately chose to flee. *Estate of Beavers*, 175 Ohio App. 3d at 773. Here, there are no allegations that Rogerson appreciated in

7

real time that her seating adjustments or beverage placement would prevent her from controlling the semi-truck. In conclusion, the Court finds Plaintiffs have not alleged Rogerson's conduct meets the threshold for punitive damages.

Schneider's Motion for Judgement on the Pleadings

Schneider moves for judgment on the pleadings for Plaintiffs' claims of punitive damages and direct negligence. (Doc. 31, at 9).

*Direct Negligence*

Schneider seeks judgement in its favor on the following direct negligence theories: 1) negligent entrustment; 2) negligent hiring, training, supervision, or retention; and 3) negligent maintenance, and negligent training.[3] *See* Doc. 31.

In response, Plaintiffs attempt to argue Schneider is directly liable under the doctrine of negligent entrustment. The Ohio Supreme Court defined the elements of a negligent entrustment claim:

> The owner of a motor vehicle may be held liable for an injury to a third person upon the ground of negligence if the owner knowingly, either through actual knowledge or through knowledge implied from known facts and circumstances, entrusts its operation to an inexperienced or incompetent driver whose negligent operation results in the injury.

*Gulla v. Straus*, 154 Ohio St. 193, 193 (1950). Negligent entrustment liability in Ohio "is generally confined to cases where [the owner] entrusts his motor vehicle to one whose appearance or conduct is such as to indicate his incompetency or inability to operate the vehicle with due care." *Id.* at 199.

---

3. Plaintiffs' response to the Schneider's motion did not address the negligent maintenance or training theories, Plaintiffs have therefore forfeited those claims. "Failure by a plaintiff to respond to a motion to dismiss constitutes a forfeiture of the claims to which the motion is addressed." *Corso v. Hamilton Cnty., Ohio*, 2021 WL 2829170, at *6 (S.D. Ohio) (citing *Notredan, L.L.C. v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013)).

The elements for negligent hiring, supervision, or retention are "(1) the existence of an employment relationship, (2) the employee's incompetence, (3) the employer's knowledge of the employee's incompetence, (4) the employee's act or omission causing the plaintiff's injuries, and (5) a causal link between the employer's negligence in hiring, supervising, and retaining and the plaintiff's injuries." *Lehrner v. Safeco Ins. Co.*, 171 Ohio App. 3d 570, 583 (2007).

As it relates to both negligent entrustment and negligent hiring, supervision or retention, Plaintiffs have failed to allege facts sufficient to plausibly establish that 1) Rogerson was incompetent to operate a commercial vehicle, or 2) Schneider knew or should have known of that incompetence. Plaintiffs merely allege Rogerson was physically unfit to drive a semi-truck due to her height and weight and mentally unfit due to her diagnoses of anxiety and depression; however, they failed to include any facts that plausibly allege Rogerson was actually incompetent to operate a semi-truck based on her physical or mental condition. To the contrary, the operative Complaint confirms that Rogerson possessed a valid commercial driver's license (Doc. 27, at ¶ 14), and does not claim she failed a medical exam, lacked other licensure, or had any substance abuse history.

Even assuming *arguendo* Plaintiffs plausibly alleged Rogerson's incompetence, the absence of any allegation that Schneider had knowledge of such incompetence is detrimental to both negligence theories. The operative Complaint merely restates a legal conclusion that Schneider "knew or should have known that Defendant, Teri Rogerson, was mentally and physically unfit to drive a semi tractor trailer". *Id.* at Count 4 ¶ 49. Again, Rogerson was licensed commercial truck driver, meaning she passed the medical test. Because Plaintiffs have not alleged facts indicating Rogerson's incompetence or Schneider's knowledge thereof, Plaintiffs have failed to allege direct negligence on the part of Schneider.

*Punitive Damages*

Like Rogerson, Schneider also seeks judgment in its favor regarding Plaintiffs' request for punitive damages, arguing the alleged conduct does not satisfy Ohio's malice standard. (Doc. 36, at 3). Plaintiffs assert Schneider participated in causing the accident in equipping the semi-truck with foreseeably dangerous features. (Doc. 34, at 12).

An employer is not liable for punitive damages merely because an employee undertook actionable conduct while acting within the scope of his employment. *Boyd v. Smith*, 2014 WL 1050080, at *10 (S.D. Ohio); *see also Estate of Beavers*, 175 Ohio App. 3d at 778-79. Rather, punitive damages may be imposed on an employer for the actions of its employee only where (1) the employer's own actions demonstrated malice or aggravated or egregious fraud or (2) the employer, as principal, knowingly authorized, participated in, or ratified actions or omissions of its employee. *Boyd*, 2014 WL 1050080, at *10; *MacNeill*, 917 F. Supp. 2d at 732.

Plaintiffs argue Schneider participated in causing the accident in two ways:

> First, Schneider equipped the truck with a Freightliner Cascadia Front Lower Dash Cup Holder Drink Tray, which invited foreseeable and harmful conduct, such as the driver reaching for a drink while operating the vehicle. Second Amended Complaint, Count IV, ¶ 44. Second, Schneider knowingly allowed Rogerson to adjust the steering wheel while driving in such a way that Rogerson's protruding belly would foreseeably get pinned beneath the steering wheel when she reached for a drink. *Id.*, Count IV, ¶ 45. But for Schneider's conduct in equipping the cabin with foreseeably dangerous instrumentalities, this accident would not have occurred.

(Doc. 34, at 13). Neither of the above allegations, taken as true, meet the legal standard for employer liability for punitive damages under Ohio law. The drink tray and steering configuration may have created a risk, but absent allegations that Schneider implemented these features with knowledge of the specific danger posed by Rogerson's use, showing a "conscious disregard of an

10

almost certain risk of substantial harm", Plaintiffs' theory does not amount to Ohio's malice standard. *Kuebler*, 2013 WL 6410608, at *5.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant Teri Rogerson's Motion for Judgment on the Pleadings as to Plaintiffs' punitive damages (Doc. 30) be and the same hereby is, GRANTED; and it is,

FURTHER ORDERED that Defendant Schneider National Carriers, Inc.'s Motion for Judgment on the Pleadings as to Plaintiffs' punitive damages and direct negligence (Doc. 31) be, and the same hereby is, GRANTED.

                                           s/ *James R. Knepp II*
                                           UNITED STATES DISTRICT JUDGE

                                           Dated: May 16, 2025